*Smith v. Tkach*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

TIMOTHY SMITH,

> *Plaintiff-Appellant*,

> v.                                                                          19-3240

JOHN TKACH, TICIA EAVES, TRACI ZIEGENHAGEN, KATRINA TOKOS, JULIA HEPWORTH, JESSICA LAYMAN, SUSAN PATTERSON, MARISSA CARTER, KATHLEEN SANTONI, JOHN CHOYNOWSKI, JON PETERSON, BERKSHIRE FARM CENTER,

_____

FOR PLAINTIFF-APPELLANT:         Timothy Smith, pro se, Conklin, NY.

FOR DEFENDANTS-APPELLEES:     Patrick J. Fitzgerald, Girvin & Ferlazzo, P.C., Albany, NY, *for* Ticia Eaves and Berkshire Farm Center;

Robert G. Behnke, Broome County Attorney, Binghamton, NY, *for* John Tkach, Traci Ziegenhagen, Katrina Tokos, Julia Hepworth, Jessica Layman, Susan Patterson, Marissa Carter, Kathleen Santoni, John Choynowski, and Jon Peterson.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Timothy Smith, proceeding pro se, sued employees of the Broome County Department of Social Services ("DSS") and Berkshire Farm Center ("BFC") under 42 U.S.C. § 1983, alleging that the defendants violated his Fourth and Fourteenth Amendment rights by seizing his children and placing them in foster care and by permitting his children to be abused while in foster care. The district court granted

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

summary judgment to the defendants, reasoning that Smith failed to offer sufficient evidence to establish his claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The district court properly granted summary judgment to the defendants with respect to Smith's Fourth and Fourteenth Amendment claims based on his children's placement and alleged abuse in foster care. Smith lacks standing to assert a Fourth Amendment claim based on the seizure of his children because *his* personal rights were not violated. *See Southerland v. City of New York*, 680 F.3d 127, 143 (2d Cir. 2012) (explaining that "[a] Fourth Amendment child-seizure claim belongs only to the child, not to the parent"). For the same reason, Smith lacks standing to assert a Fourth Amendment claim based on the abuse of his children while in foster care.

Even if we were to construe Smith's claim as being asserted on behalf of his children, *see id.*, Smith failed to offer any evidence that his children were seized

3

unlawfully. To establish that a seizure violated the Fourth Amendment, a plaintiff must show that the seizure was unreasonable – *i.e.*, that it was not supported by probable cause. *See Tenenbaum v. Williams*, 193 F.3d 581, 602 (2d Cir. 1999). The "issuance of a warrant by a neutral magistrate . . . creates a presumption . . . [for] officers to believe that there was probable cause" for an arrest or seizure. *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). We have previously held that "a court order is the equivalent of a warrant" in the context of a child being seized by the state during a child abuse investigation. *Tenenbaum*, 193 F.3d at 602. Here, Smith's children were placed in foster care pursuant to a family court order. Therefore, there is a presumption that Smith's children's placement was supported by probable cause. Given that Smith admitted to slashing the tires of a car in front of his children (the incident that gave rise to a neglect petition) and that the family court found that the allegations in DSS's neglect petition were supported by evidence, Smith failed to rebut the presumption that there was probable cause to place his children in foster care. *See Golino*, 950 F.2d at 870 (explaining that to show that a warrant was issued without probable cause, "the plaintiff must make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause" (internal quotation marks omitted)).

4

Smith also failed to offer sufficient evidence to establish a violation of his children's substantive due process rights. Foster care and social services agencies may be held liable for violations of substantive due process rights based on their failure to prevent the abuse or neglect of children in their care. *See Phifer v. City of New York*, 289 F.3d 49, 61–62 (2d Cir. 2002); *Doe v. N.Y.C. Dep't of Soc. Servs.*, 649 F.2d 134, 141 (2d Cir. 1981). When asserting a due process claim based on a state actor's failure to fulfill an affirmative duty – in this case, the duty to prevent abuse of foster children – a plaintiff must show that the defendant's omissions were "a substantial factor" contributing to the denial of the constitutional liberty interest and that the defendant was deliberately indifferent to the abuse. *N.Y.C. Dep't of Soc. Servs.*, 649 F.2d at 141. With respect to deliberate indifference, the evidence must show "a pattern of omissions revealing deliberate inattention to specific duties imposed for the purpose of safeguarding [the children] from abuse," which would allow for an inference that there was "deliberate unconcern for [the children's] welfare." *Id.* at 145.

The evidence in the record does not reflect a pattern of omissions, let alone omissions that were a substantial factor in allowing abuse to occur. Smith stated that he observed various minor injuries on his children and that his eldest child reported being sexually abused in December 2017 by another child in his foster home. But these statements do not demonstrate the existence of a pattern that the defendants should have

5

investigated to prevent further (or more serious) abuse.   A BFC caseworker, Ticia Eaves, determined that the minor injuries resulted from accidents.   Smith did not offer any evidence to dispute Eaves's explanations of the injuries aside from his suspicions, which are insufficient to create a genuine dispute of fact.   *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) ("The non-moving party may not rely on conclusory allegations or unsubstantiated speculation.").   Further, any injuries that occurred to the younger children would not have created a pattern of abuse that would have alerted the defendants to the possibility that the eldest child was being sexually abused; the record reflects that the children were not even in the same foster home.   Once the child reported the abuse, he was removed from the foster home into a new placement and given a psychological evaluation and counseling.   Thus, Smith has not offered sufficient evidence to establish a substantive due process claim based on the alleged abuse his children experienced in their foster homes.

We have considered all of Smith's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6